# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EXEL INC., a Massachusetts Corporation, dba DHL Supply Chain; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONNA FAREIO-FONTAINE, an individual,

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 1 5 2022

*Amador Sanchez*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, San Bernardino County 247 West Third Street, San Bernardino, CA 92415 | **CASE NUMBER:** *(Número del Caso):*<br>CIV SB 2 2 0 6 4 3 0 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jake D. Finkel&Sheryl L. Marx;Law Offices of Jake D. Finkel;3470 Wilshire Blvd., Suite 830, Los Angeles, CA 90010;(213) 787-7411

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* APR 1 5 2022 | Clerk, by<br>*(Secretario)* *Amador Sanchez* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

Copy

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Law Offices of Jake D. Finkel, APC
Jake D. Finkel, Esq. (SBN: 293954); Sheryl L. Marx, Esq. (SBN: 311475)
3470 Wilshire Blvd., Suite 830, Los Angeles, CA 90010

TELEPHONE NO.: (213) 787-7411   FAX NO. (Optional): (323) 916-0521
ATTORNEY FOR (Name): Plaintiff, DONNA FAREIO-FONTAINE

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 2 4 2022

*Amador Sanchez*
Amador Sanchez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino District

CASE NAME:
DONNA FAREIO-FONTAINE V. EXEL INC, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIV SB 2 2 0 6 4 5 0 |
|  |  | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 8 (Eight)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: March 22, 2022

SHERYL L. MARX, ESQ.
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
  or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

DONNA FAREIO-FONTAINE

Case No. CIV SB 2 2 0 6 4 5 0

vs.

**CERTIFICATE OF ASSIGNMENT**

EXEL INC., et al

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☒ General          ☐ Collection
**Nature of Action**      **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | Wrongful Termination |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

EXEL INC., a Massachusetts Corporation, dba DHL Supply Chain;          9333 Hermosa Ave
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                   ADDRESS

Rancho Cucamonga,                    CA                    91730
CITY                            STATE              ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on March 24, 2022 at Los Angeles ,
California.

_____
Signature of Attorney/Party

Jake D. Finkel, Esq. (SBN 293954)
Sheryl L. Marx, Esq. (SBN 311475)
**LAW OFFICES OF JAKE D. FINKEL, APC**
3470 Wilshire Blvd., Suite 830
Los Angeles, CA 90010
Tel: (213) 787-7411
Fax: (323) 916-0521

Attorneys for Plaintiff
DONNA FAREIO-FONTAINE

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 2 4 2022

Amador Sanchez
Amador Sanchez

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| DONNA FAREIO-FONTAINE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EXEL INC., a Massachusetts Corporation, dba DHL Supply Chain; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **CIV SB 2 2 0 6 4 5 0**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>2. **DISABILITY HARASSMENT IN VIOLATION OF THE FEHA;**<br>3. **AGE DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>4. **GENDER DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>5. **RETALIATION IN VIOLATION OF THE FEHA;**<br>6. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br>7. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA; AND**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT FOR DAMAGES**

Plaintiff, DONNA FAREIO-FONTAINE, hereby brings her employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

## THE PARTIES

1.      At all times mentioned herein, Plaintiff, DONNA FAREIO-FONTAINE ("Plaintiff") was an individual and a resident of the State of California.

2.      Plaintiff is informed and believes, and based thereon alleges, that Defendant EXEL INC., dba DHL SUPPLY CHAIN ("DHL" hereafter) is a Massachusetts corporation, doing business in the County of San Bernardino at 9333 Hermosa Ave, Rancho Cucamonga, CA 91730. Defendant was Plaintiff's employer within the meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and is therefore subject to the jurisdiction of this Court.

3.      Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately hereby to the Plaintiff, as herein alleged. Plaintiff will file and serve one or more amendments to this complaint upon learning the true names and capacities of said Defendants.

4.      Plaintiff is informed and believes that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff hereinafter alleged.

5.      Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venture of one or more of the other Defendants named herein. In doing the acts and/or omissions alleged herein, each of said Defendants acted within the course and scope of his or her relationship with any other Defendant; and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

6.      Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant,

2

**COMPLAINT FOR DAMAGES**

shall mean all Defendants, and each of them.

**FACTUAL ALLEGATIONS**

7.     Donna Fareio-Fontaine ("Plaintiff") who was 61 years old at the time of the filing of this lawsuit received an offer from defendant EXEL INC., dba DHL Supply Chain DHL Supply Chain ("DHL," hereafter) on or around September 26, 2017, to work their Rancho Cucamonga location. Plaintiff began her employment with defendant DHL in or around October 2017 as an Operations Supervisor, her duties involved taking charge of multi-site operations, planning, procedure development, and inventory control. At all times during her employment Plaintiff performed her job duties competently.

8.     In or around April 2019, Plaintiff began experiencing high blood pressure and anxiety, accompanied by symptoms of irregular heartbeat, difficulty breathing, and dizziness. Plaintiff sought care from her medical provider, Dr. Michelle Laksana ("Dr. Laksana," hereafter), who advised her to take time off work as part of the treatment for her disability. Unfortunately, due to Plaintiff's ongoing condition, her medical provider extended her leave through March 16, 2020. During this time, Plaintiff continued to update her superiors, general manager, Regan Berry ("Berry"), and Area HR Manager, Myla Sabanal-Romero ("Romero,") through text messages with her doctor's notes.

9.     Plaintiff's doctors were still unsure of the root cause of her condition. Cardiologist, Dr. Michael Vargas ("Dr. Vargas," hereafter), estimated that Plaintiff could possibly return to work on January 1, 2020, citing her diagnosis of hypertension, dizziness, palpitations, and near syncope as clear reasons as to why Plaintiff could not safely return to work for the time being. Despite the serious circumstances surrounding her health, Plaintiff attempted to compromise with DHL to see if she could find a way to safely return to work. Previously, in or around March 2019, Plaintiff had talked to Berry about possibly working a middle-shift position; this position would be part-time, and Plaintiff would help by working from the end of the morning shift and into the beginning of the night shift. For Plaintiff, this proposition was ideal, for it allowed her to work less hours, and thus put less strain on her medical conditions, while allowing her to help both the other Operations Supervisors and the company. Berry originally claimed that this was a good idea and seemed open

**COMPLAINT FOR DAMAGES**

to implementing this position for Fontaine. However, when Plaintiff brought up the proposition again on a separate occasion, Defendants stated that it could not be done without further discussion.

10.     On or around October 28, 2019, Plaintiff and Romero spoke over the phone for an interactive process meeting.  At the end of this meeting, it was agreed that Plaintiff would take 30 days of personal leave and use up any vacation and sick time she had accrued. It was also decided that DHL and Plaintiff would have a second interactive process meeting at the end of her leave period. Suddenly, on or around January 10, 2020, without notification from DHL that her leave period had ended, DHL terminated Plaintiff's employment for not returning from leave. DHL failed to engage Plaintiff in a good faith interactive process meeting following her leave period as it had agreed in the October 28, 2019, meeting. Plaintiff had never received any written correspondence regarding the second interactive process meeting or her termination.  Instead, Romero and Berry called Plaintiff on or around February 10, 2020, to let her know she had exhausted all of her available leave and she had been terminated.  Days later Plaintiff received a written notice of her termination which was dated a month prior, on January 10, 2020.

11.     DHL had other job opportunities that could have been offered to Plaintiff. At the time of her termination DHL had two office positions available along with four floating supervisor positions. Plaintiff could have worked either of these positions with her work restrictions. Plaintiff was well qualified to work these positions because she had prior work experience as an operations supervisor for two prior employers.

12.     Throughout her time with DHL, Plaintiff observed that older employees were often the subject of harsher treatment and termination. Plaintiff observed that DHL systemically terminated a team of supervisors who were all older and replaced them with new, younger employees. Lastly, Plaintiff felt that DHL discriminated against her due to her gender. As a woman working in a male-dominated environment, she noticed that there was a discrepancy in the ratio of male supervisors to female ones. Plaintiff observed that female supervisors were counseled at a higher rate, brought in for questioning by the management, and their production was a more frequent topic of discussion. Female supervisors were expected to explain themselves or their actions at a higher rate than male supervisors. This disparity even lent itself to a discrepancy

4

**COMPLAINT FOR DAMAGES**

between the praise Plaintiff and her female colleagues would receive from their superiors compared to the praise received by their male counterparts. Male supervisors were continuously praised and told they were doing a **"*good job*"** for meeting their numbers and expectations. On the other hand, female supervisors were typically automatically expected to perform at this standard and were not given much praise or encouragement for doing the same work that their male counterparts were doing.

13.     Based on the foregoing, Plaintiff is informed and believes that Defendants discriminated against her on the basis of her age, gender, and disabilities. As a result of the constant discrimination, harassment, and retaliation Plaintiff has suffered with economic loss and severe emotional distress. The discrimination, harassment, and retaliation caused stress, anxiety, depression, insomnia as well as other emotional distress symptoms.

<u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

14.     Plaintiff filed a complaint against Defendants with the Department of Fair Employment and Housing ("DFEH") on March 25, 2021. The DFEH issued Plaintiff a "Right-to-Sue" letter that same day. This Complaint is timely filed pursuant to that letter. Venue is proper in San Bernardino County because that is where Plaintiff worked and where the discriminatory conduct occurred.

<u>**FIRST CAUSE OF ACTION**</u>

**DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA**

**Government Code § 12900, *et seq.***

**(Against ALL Defendants)**

15.     Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

16.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following bases for actual and/or perceived disability:

a.     Discharging, barring, refusing to transfer, retain, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual and/or perceived disability, in violation of Government Code section 12940(a);

**COMPLAINT FOR DAMAGES**

b.   Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's actual and/or perceived disability, in violation of Government Code section 12940(j);

c.   Failing to take all reasonable steps to prevent discrimination and harassment based on actual and/or perceived disability, in violation of Government Code section 12940(k);

d.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, in violation of Government Code section 12940(h).

17.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

18.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer suffering, humiliation, mental anguish, emotional distress, inconvenience, injury to reputation, other physical and mental pain, and medical and therapeutic expenses, all to her damage in a sum according to proof.

19.   Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling plaintiff to punitive damages against defendants.

20.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof pursuant to Government Code section 12965(b).

<u>**SECOND CAUSE OF ACTION**</u>

**DISABILITY HARASSMENT IN VIOLATION OF THE FEHA**

**Government Code § 12900, *et seq.***

**(Against ALL Defendants)**

21.   Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

22.   Defendants' conduct, as alleged, violated FEHA, Government Code section

6

**COMPLAINT FOR DAMAGES**

12900, *et seq.,* and Defendants committed unlawful employment practices, including by the following bases for liability:

      a.  Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the basis of Plaintiff's actual and/or perceived disability, in violation of Government Code section 12940(j);

      b.  Failing to take all reasonable steps to prevent discrimination and harassment based on actual and/or perceived disability, in violation of Government Code section 12940(k);

      c.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Defendants' failure to provide such rights, in violation of Government Code section 12940(h).

23.    As a proximate result of Defendants' willful, knowing, and intentional harassment against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

24.    As a proximate result of Defendants' willful, knowing, and intentional harassment against Plaintiff, Plaintiff has suffered and continues to suffer suffering, humiliation, mental anguish, emotional distress, inconvenience, injury to reputation, other physical and mental pain, and medical and therapeutic expenses, all to her damage in a sum according to proof.

25.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

26.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof pursuant to Government Code section 12965(b).

**THIRD CAUSE OF ACTION**

**AGE DISCRIMINATION IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

27. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

28.    At all times hereto, the FEHA was in full force and effect and was binding upon defendants and each of them.

7

**COMPLAINT FOR DAMAGES**

29.     Plaintiff was an employee for Defendants who was over the age of 40 years old at the time Defendants terminated her employment.

30.     Plaintiff's status as a person over the age of 40 years old was a substantial motivating reason for Defendants' discharge of Plaintiff.

31.     Plaintiff is informed and believes that she was replaced by a substantially younger employee.

32.     Plaintiff suffered harm due to the age discrimination that she endured due to Defendants' termination of her employment.

33.     As a proximate result of the acts and omissions of Defendants as detailed above, Plaintiff has sustained and continues to sustain substantial damages in an amount to be proven at trial.

34.     The conduct of Defendants as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and their officers, directors and managing agents authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendants.

**FOURTH CAUSE OF ACTION**

**GENDER DISCRIMINATION IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

35.     Claimant hereby incorporates the paragraphs above as though fully set forth herein.

36.     Respondents' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and Respondents committed unlawful employment practices, including by the following bases for gender:

e.     Discharging, barring, refusing to transfer, retain, and/or otherwise discriminating against Claimant, in whole or in part on the basis of Claimant's gender, in violation of Government Code section 12940(a);

f.     Harassing Claimant and/or creating a hostile work environment, in whole or in part on the basis of Claimant's gender, in violation of Government Code section 12940(j);

g.     Failing to take all reasonable steps to prevent discrimination and harassment based

8

**COMPLAINT FOR DAMAGES**

on gender, in violation of Government Code section 12940(k);

h.    Retaliating against Claimant for seeking to exercise rights guaranteed under FEHA and/or opposing Respondents' failure to provide such rights, in violation of Government Code section 12940(h).

37.    As a proximate result of Respondents' willful, knowing, and intentional discrimination against Claimant, Claimant has sustained and continues to sustain substantial losses of earnings and other employment benefits.

38.    As a proximate result of Respondents' willful, knowing, and intentional Discrimination against Claimant, Claimant has suffered and continues to suffer suffering, humiliation, mental anguish, emotional distress, inconvenience, injury to reputation, other physical and mental pain, and medical and therapeutic expenses, all to her damage in a sum according to proof.

39.    Respondents' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Claimant to punitive damages against Respondents.

40.    Claimant has incurred and continues to incur legal expenses and attorneys' fees. Claimant is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof pursuant to Government Code section 12965(b).

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

41. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

42.    Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following bases for liability:

a.    Discharging, barring, refusing to transfer, retain, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual and/or perceived disability, in violation of Government Code section 12940(a);

b.    Failing to take all reasonable steps to prevent discrimination, harassment, and

9

**COMPLAINT FOR DAMAGES**

retaliation on the basis of actual and/or perceived disability and complaining to conduct plaintiff believed to be illegal, in violation of Government Code section 12940(k);

      c.  Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, in violation of Government Code section 12940(h).

43.  Defendant's motivating factors in terminating, not to retain, not to transfer, or otherwise employ plaintiff in any position and/or take other adverse employment action, including employment termination, against plaintiff was in whole or in part because of plaintiff's actual and/or perceived disability.

44.  As a proximate result of defendants' willful, knowing, and intentional harassment against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

45.  As a proximate result of defendants' willful, knowing, and intentional harassment against plaintiff, plaintiff has suffered and continues to suffer suffering, humiliation, mental anguish, emotional distress, inconvenience, injury to reputation, other physical and mental pain, and medical and therapeutic expenses, all to her damage in a sum according to proof.

46.  Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling plaintiff to punitive damages against defendants.

47.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof pursuant to Government Code section 12965(b).

## SIXTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

48.  Plaintiff restates and hereby incorporates the paragraphs above as though fully set forth herein.

49.  At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes

**COMPLAINT FOR DAMAGES**

a duty on Defendants to make reasonable accommodations for the known disability of an employee.

50.    At all relevant times, Plaintiff was a member of a protected class within the meaning of Government Code §§12940(a) & 12986(1) et seq. because she suffered with a disability, of which Defendants had both actual and constructive knowledge.

51.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which she was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with reasonable accommodations for Plaintiff's disability or her disability as it was perceived by Defendants, have been in danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or her disability as it was perceived by Defendants would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff and failed to engage in the interactive process with Plaintiff.

52.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

53.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

54.    Pursuant to Government Code §12956(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

11

**COMPLAINT FOR DAMAGES**

## SEVENTH CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

55.    Plaintiff restates and hereby incorporates the paragraphs above as though fully set forth herein.

56.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with an actual and/or perceived disability.

57.    At all relevant times, Plaintiff was a member of a protected class within the meaning of particular Government Code §§12940(a) & 12986(1) et seq. because she suffered with an actual and/or perceived disability, of which Defendants had both actual and constructive knowledge.

58.    Plaintiff reported her disability to Defendants, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.

59.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damages as stated below.

60.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

61.    Pursuant to Government Code §12956(b), Plaintiff requests a reasonable award of

**COMPLAINT FOR DAMAGES**

attorneys' fees and costs, including expert fees pursuant to the FEHA.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against ALL Defendants)**

62.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

63.     At all times mentioned, the public policy of the State of California, as codified expressed and mandated in California Government Code § 12940 prohibits employers from discriminating and retaliating against any employee on the basis of age.  Labor Code § 1102.5 prohibits employers from retaliating against employees for complaining to the government or to management about a subject matter that violates state law that the employee reasonably believes violates the law.  The public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

64.     At the time of her termination, Plaintiff was over the age of 40. Prior to her termination, Plaintiff engaged in protected activity, including, but not limited to, complaining about discrimination. Instead of investigating Plaintiff's complaints regarding Defendants' unlawful practices, Defendants retaliated and wrongfully terminated Plaintiff's employment because of her age and because of her protected complaints.

65.     As a direct result of the wrongful termination, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages including, but not limited to, loss of income and loss of future earning capacity, all to her damage in an amount according to proof. As a further direct result of the wrongful termination, Plaintiff has sustained, and will continue to sustain for a period of time, severe physical, emotional, and mental pain, suffering, and distress, all to her general damage in an amount according to proof.

66.     The acts and conduct of Defendants, and each of them constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of

the rights of Plaintiff.

67.   The acts of Defendants, and each of them, were done fraudulently, maliciously, and oppressively, and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code § 3294 on the part of the Defendants' officers, directors, or managing agents of the corporation.   The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.   For general damages in an amount within the jurisdictional limits of this Court;

2.   For special damages, according to proof;

3.   For punitive damages;

4.   For medical expenses and related items of expense, according to proof;

5.   For loss of earnings, according to proof;

6.   For attorneys' fees, according to proof;

7.   For prejudgment interest, according to proof;

8.   For costs of suit incurred herein;

9.   For declaratory relief;

10. For injunctive relief; and

11. For such other relief that the Court may deem just and proper.

///
///
///
///
///

14

**COMPLAINT FOR DAMAGES**

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a trial by jury.

3

4

5    DATED:  March 24, 2022          **LAW OFFICES OF JAKE D. FINKEL, APC**

6

7                                    By:    _____

8                                           JAKE D. FINKEL
                                            SHERYL L. MARX
9                                           Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**

San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Fareio-Fontaine -v- Excel Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2206450 |

Law Offices of Jake D. Finkel, APC
3470 Wilshire BLVD
STE 830
Los Angeles CA  90010

This case has been assigned to:  Janet M Frangie in Department S29 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  10/12/2022  at 8:30 AM in Department S29 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (Local Rule 411.1).

Parties shall file and serve no later than 10 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.  In the event an At Issue Memorandum shall be filed and served no later than 15 days prior to the trial setting conference.

Date: 4/15/2022

Nancy CS Eberhardt, Court Executive Officer

By:  *Amador Sanchez*
Amador Sanchez, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:
☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.
Date of Mailing:  4/15/2022

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 4/15/2022 at San Bernardino, CA.

By:  *Amador Sanchez*
Amador Sanchez, Deputy Clerk



You Don't Have to Sue

Here Are Some Other Ways

To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

Revised 01-04-12

* **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

* If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

* There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

* The neutral may charge a fee for his or her services.

* If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

* Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

* **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association**, or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

Superior Court of California
County of San Bernardino



## CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims*:

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil & Family Law (except custody and support)*:

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
1710A Plum Ln
Redlands, CA 92374
TEL (909)798-7117
TOLL FREE (877) 832-9325
FAX (877) 839-1926
WEB www.ivjc.org
EMAIL info@ivjc.org

Revised 01-04-12

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE:        _____ |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.  <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>**

1.  **Party or parties** (answer one):
    a.  ☐  This statement is submitted by party (*name*):
    b.  ☐  This statement is submitted jointly by parties (*names*):

2.  **Service of Complaint** on all parties has ☐  has not ☐  been completed.

3.  **Service of Cross-Complaint** on all parties has ☐  has not ☐  been completed.

4.  **Description of case** in Complaint:

5.  **Description of case** in Cross-Complaint:

6.  Has all discovery been completed: Yes ☐  No ☐  Date discovery anticipated to be completed: _____

7.  Do you agree to mediation?  Yes ☐  No ☐  Please check type agreed to:  Private: _____  Court-sponsored: _____

8.  **Related cases, consolidation, and coordination:**  Please attach a Notice of Related Case.

    ☐  A motion to ☐  consolidate  ☐  **Trial dates requested: Yes** ☐  No ☐  Available dates: _____
    Time estimate: _____

9.  **Other issues:**
    ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐  The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐  The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY |

| _____ | _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE:       _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| ## INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

## Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.00 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the Request for Accommodations by Persons with Disabilities (judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterorise/accessibility/main.html These tools convert PDF documents into either HTML or ASCII text that can be read by many screen-reading programs.

For further information and forms:

**Jurors:** Please contact the Jury Services Office at (909) 884-1858.

**Others:** Please contact the court's ADA Coordinator at sprentiss@sb-courts.org

**Court employees:** To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with Ada issues, refer to the courts intranet site www.sb-court.org

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 708-8745.

Request for Accommodation Instruction Sheet (Non Fillable Form and Rule of Court 1)
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ADA-Persons-With-Disabilities-MC410QA.pdf

Request for Accommodation Form Fillable Version (MC-410)
http://www.courts.ca.gov/documents/mc410.pdf

Q&A on Rule of Court 1.100
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/Requestsforaccommodationsbypersonswithdisabilities.pdf
Access and Fairness Advisory Flyer
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ProvidingDisabilityAccommodations.odf

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**

San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Fareio-Fontaine -v- Excel Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2206450 |

Law Offices of Jake D. Finkel, APC
3470 Wilshire BLVD
STE 830
Los Angeles CA 90010

This case has been assigned to: Janet M Frangie in Department S29 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 10/12/2022 at 8:30 AM in Department S29 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (Local Rule 411.1).

Parties shall file and serve no later than 10 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference. In the event an At Issue Memorandum shall be filed and served no later than 15 days prior to the trial setting conference.

Date: 4/15/2022

Nancy CS Eberhardt, Court Executive Officer

By: *Amador Sanchez*
Amador Sanchez, Deputy Clerk

--------------------------------------------------------------------
--------------------------------------------------------------------

## CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 4/15/2022

I declare under penalty of perjury that the forgoing is true and correct. Executed on 4/15/2022 at San Bernardino, CA.

By: *Amador Sanchez*
Amador Sanchez, Deputy Clerk

# EXHIBIT 2

1   CHRISTOPHER J. BOMAN (SBN 198798)
    cboman@fisherphillips.com
2   BORIS SORSHER (SBN 251718)
    bsorsher@fisherphillips.com
3   ASHTON M. RILEY (SBN 310528)
    ariley@fisherphillips.com
4   HARRISON ZATOR (SBN 324282)
    hzator@fisherphillips.com
5   FISHER & PHILLIPS LLP
    2050 Main Street, Suite 1000
6   Irvine, California 92614
    Telephone: (949) 851-2424
7   Facsimile:  (949) 851-0152

8   Attorneys for Defendant
    EXEL INC. d/b/a DHL SUPPLY CHAIN
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 FOR THE COUNTY OF SAN BERNARDINO

12

13   DONNA FAREIO-FONTAINE, an          CASE NO.:   CIVSB2206450
     individual,                        *[Unlimited Jurisdiction]*
14
                        Plaintiff,      *Assigned for all purposes to the*
15                                      *Honorable Janet M. Frangie, Dept. S29*
            v.
16                                      **ANSWER AND AFFIRMATIVE DEFENSES
                                        OF DEFENDANT, EXEL, INC. d/b/a DHL**
17   EXEL INC., a Massachusetts Corporation,  **SUPPLY CHAIN**
     dba DHL Supply Chain; and DOES 1
18   through 100, inclusive;
                                        Complaint Filed: March 24, 2022
19                     Defendants.      Trial Date: None Set

20

21          Defendant, EXEL INC. dba DHL SUPPLY CHAIN, ("Defendant") responds to Plaintiff

22   DONNA FAREIO-FONTAINE's ("Plaintiff") unverified Complaint as follows:

23                                   **ANSWER**

24          Pursuant to California Code of Civil Procedure section 431.30, Defendant, generally and

25   specifically, denies each and every allegation, statement, matter and each purported cause of

26   action in the Complaint, and further, without limiting the generality of the foregoing, generally

27   and specifically denies that Plaintiff has suffered any injury, damage or loss of any kind or in any

28   sum or sums whatsoever, by reason of any alleged act(s) or omission(s) of Defendant, or anyone

1  else allegedly acting on its behalf.

2  **FIRST AFFIRMATIVE DEFENSE**

3  1.       This Court lacks subject matter jurisdiction because all disputes arising out of or

4  related to Plaintiff's employment are subject to Plaintiff's agreement to submit such disputes to

5  binding individual contractual arbitration, and any contrary state laws operating to defeat such

6  arbitration are preempted by the Federal Arbitration Act, 9 U.S.C., sections 1, *et seq.*

7  **SECOND AFFIRMATIVE DEFENSE**

8  2.       Plaintiff's Complaint, and each and every cause of action therein, fails to state

9  facts sufficient to constitute any cause of action against Defendant.

10  **THIRD AFFIRMATIVE DEFENSE**

11  3.       Plaintiff's Complaint, and each and every cause of action therein, is barred by the

12  applicable statute of limitations, including but not limited to:  California Code of Civil Procedure

13  sections 335.1, 338(a), and 340(a), and California Government Code sections 12960 and 12965.

14  **FOURTH AFFIRMATIVE DEFENSE**

15  4.       Plaintiff's Complaint, and each and every cause of action therein, is barred by the

16  exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor

17  Code section 3601 et seq.

18  **FIFTH AFFIRMATIVE DEFENSE**

19  5.       If Plaintiff has received, or in the future receives, Workers' Compensation

20  benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in

21  favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid

22  to or on behalf of Plaintiff.

23  **SIXTH AFFIRMATIVE DEFENSE**

24  6.       Plaintiff is estopped by her conduct from recovering any relief sought in the

25  Complaint, or in any purported cause of action alleged therein.

26  **SEVENTH AFFIRMATIVE DEFENSE**

27  7.       By her conduct, Plaintiff has waived any right to recover any relief sought in the

28  Complaint, or in any purported cause of action alleged therein.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, EXEL, INC. D/B/A DHL SUPPLY CHAIN
FP 44011454.1

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Plaintiff's claims are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

9.     The acts and/or omissions of the additional defendant(s) other than this answering Defendant, and of the unnamed "Doe" defendants, were all undertaken outside the scope of such Defendant's agency and/or employment with this answering Defendant, and were undertaken without the knowledge or consent of this answering Defendant, and this answering Defendant may not be held liable for such acts and/or omissions.

**TENTH AFFIRMATIVE DEFENSE**

10.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     The alleged acts of which Plaintiff complains were based on reasonable factors other than disability/medical condition, request for accommodations, gender, age, alleged protected activities, or any other prohibited factor.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Even if it is found that actions by Defendant were motivated by both discriminatory and retaliatory reasons as well as non-discriminatory and non-retaliatory reasons, the non-discriminatory and non-retaliatory reasons would have induced Defendant to make the same decision.  (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.)

//

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, EXEL, INC. D/B/A DHL SUPPLY CHAIN
FP 44011454.1

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    Plaintiff failed to cooperate in the interactive process and/or the process of reasonable accommodation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.    Plaintiff's claims are barred because her perception of conduct alleged to constitute harassment was not reasonable.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.    Plaintiff welcomed any conduct alleged to be harassing.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.    Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing, retaliatory, and/or discriminatory behavior.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.    Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.    Plaintiff's reasonable use of Defendant's procedures to prevent and/or correct the allegedly harassing behavior would have prevented all or some of the alleged harm she claims to have suffered.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.    Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.    Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's

constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.    This action is barred because Plaintiff, with or without reasonable accommodation, was unable to perform her essential functions and/or duties without endangering Plaintiff's health or safety and/or the health or safety of others.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.    Plaintiff's claims are barred, in whole or in part, to the extent a reasonable accommodation did not exist during the at-issue period.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.    Plaintiff failed to engage in the interactive process in good faith.

Defendant expressly reserves the right to amend its answer and affirmative defenses, and to supplement, alter or change its answer and affirmative defenses for good cause; or alternatively, upon revelation of more definitive facts by Plaintiff and upon Defendant's undertaking of discovery and investigation of this matter.   Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, this answering Defendant prays as follows:

1.    That Plaintiff take nothing by her Complaint for damages;

2.    That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3.    That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

//

//

//

//

//

//

5

1        4.    That the Court award such other and further relief as it deems appropriate.

2

3    DATE:  May 20, 2022                FISHER & PHILLIPS LLP

4
                                                By:
5                                                    CHRISTOPHER J. BOMAN
                                                     BORIS SORSHER
6                                                    ASHTON M. RILEY
                                                     HARRISON ZATOR
7                                                    Attorneys for Defendant
                                                     EXEL INC., d/b/a DHL SUPPLY CHAIN
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, EXEL, INC. D/B/A DHL SUPPLY CHAIN
FP 44011454.1

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On **xxxx**, I served the foregoing document entitled **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, EXEL, INC. d/b/a DHL SUPPLY CHAIN** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jake D. Finkel, Esq. (SBN 293954) | *Attorneys for Plaintiff,* |
| Sheryl L. Marx, Esq. (SBN 311475) | *Donna Fareio-Fontaine* |
| LAW OFFICES OF JAKE D. FINKEL, APC | |
| 3470 Wilshire Blvd., Suite 830 | E: jake@lawfinkel.com |
| Los Angeles, CA 90010 | E: sheryl@lawfinkel.com |
| Telephone: (213) 787-7411 | E: citlaly@lawfinkel.com |
| Facsimile: (323) 916-0521 | |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Legal Solution Attorney Services LLC, whose business address is 404 W. 4th Street, Suite B, Santa Ana, CA 92701.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed May 20, 2022, at Irvine, California.

Grace Andrade                                    By: _____
_____                                    Signature
Print Name

1
PROOF OF SERVICE

# EXHIBIT 3

1   Christopher J. Boman (SBN 198798)
    cboman@fisherphillips.com
2   Boris Sorsher (SBN 251718)
    bsorsher@fisherphillips.com
3   Ashton M. Riley (SBN 310528)
    ariley@fisherphillips.com
4   Harrison Zator (SBN 324282)
    hzator@fisherphillips.com
5   FISHER & PHILLIPS LLP
    2050 Main Street, Suite 1000
6   Irvine, California 92614
    Telephone: (949) 851-2424
7   Facsimile:  (949) 851-0152

8   Attorneys for Defendant
    EXEL INC. d/b/a DHL SUPPLY CHAIN
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF SAN BERNARDINO

12

13   DONNA FAREIO-FONTAINE, an           CASE NO.:   CIVSB2206450
     individual,                         *[Unlimited Jurisdiction]*
14
                                         *Assigned for all purposes to the*
15              Plaintiff,               *Honorable Janet M. Frangie, Dept. S29*

16        v.                             DEFENDANT EXEL, INC. DBA DHL SUPPLY
                                         CHAIN'S NOTICE TO THE CLERK OF THE
17   EXEL INC., a Massachusetts Corporation,   SUPERIOR COURT AND ADVERSE PARTY
     dba DHL Supply Chain; and DOES 1    OF REMOVAL TO FEDERAL COURT
18   through 100, inclusive;
                                         Complaint Filed: March 24, 2022
19              Defendant.               Trial Date:      None Set

20

21        TO  THE  CLERK  OF  THE  SUPERIOR  COURT  OF  CALIFORNIA  FOR  THE

22   COUNTY OF SAN BERNARDINO AND TO PLAINTIFF DONNA FAREIO-FONTAINE

23   AND HER ATTORNEY OF RECORD:

24        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C.§ 1446(d), on May 20, 2022,

25   Defendant EXEL, INC. dba DHL SUPPLY CHAIN ("Defendant") filed a Notice of Removal

26   and related documents with the United States District Court for the Central District of California.

27   Attached hereto as "**Exhibit A**" is a true and correct copy of the Notice of Removal and related

28   documents, the filing of which effects the removal of this action to the United States District

---

1    Court for the Central District of California.

2         **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. section 1446(d), this

3    Court need take no further action with respect to this case unless and until the case is remanded.

4

5    DATE:  May 20, 2022                    FISHER & PHILLIPS LLP

6

7                                          By:

8                                          Christopher J. Boman
                                           Boris Sorsher
9                                          Ashton M. Riley
                                           Harrison Zator
10                                         Attorneys for Defendant
                                           EXEL, INC. dba DHL SUPPLY CHAIN
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
FP 44079726.1

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Orange with the law offices of Fisher & Phillips LLP and its business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On May 20, 2022, I served the following document(s) **DEFENDANT EXEL, INC. DBA DHL SUPPLY CHAIN'S NOTICE TO THE CLERK OF THE SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jake D. Finkel, Esq. | Attorneys for Plaintiff |
| Sheryl L. Marx, Esq. | DONNA FAREIO-FONTAINE |
| LAW OFFICES OF JAKE D. FINKEL, APC | |
| 3470 Wilshire Blvd., Suite 830 | T:  (213) 787-7411 |
| Los Angeles, CA 90010 | F:  (213) 916-0521 |
| | E:  jake@lawfinkel.com |
| | E:  sheryl@lawfinkel.com |
| | E:  citlaly@lawfinkel.com |

☒  **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine California, in a sealed envelope with postage fully prepaid.

☐  **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒  **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐  **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed May 20, 2022, at Irvine, California.

Grace Andrade
*Print Name*

By: _____
*Signature*

1
PROOF OF SERVICE

FP 44079726.1